1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10

ROCHELLE A. RUFFIN,

11

Plaintiff,

CASE NO. 2:17-cv-00602-JRC

12

v.

ORDER ON PLAINTIFF'S
COMPLAINT

13

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

14

15

Defendant.

16

17

18

19

20

21

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

Magistrate Judge, Dkt. 6). This matter has been fully briefed. *See* Dkt. 13, 14, 15.

22

23

24

After considering and reviewing the record, the Court concludes that the ALJ

erred when evaluating plaintiff's allegations and testimony. Although the ALJ relied on

plaintiff's activities of daily living when failing to credit fully her allegations, none of

these activities demonstrate an inconsistency with plaintiff's allegations and they do not appear to be transferable to competitive employment. Therefore, the ALJ erred when concluding that these activities of daily living entail a valid reason for failing to credit fully plaintiff's allegations.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, ROCHELLE A. RUFFIN, was born in 1985 and was 27 years old on the alleged date of disability onset of September 9, 2012. *See* AR. 302-305, 306-11. Plaintiff has one year of college. AR. 51. Plaintiff has some work history in janitorial services, as a cashier, as a customer service specialist and as an administrative assistant. (AR. 337-51).

According to the ALJ, plaintiff has at least the severe impairment of "hereditary hemolytic anemia (sickle cell) (20 CFR 404.1520(c) and 416.920(c))." AR. 16.

At the time of the hearing, plaintiff was living with her 7-year-old son. AR. 77-78.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 82, 83, 100, 101. Plaintiff's requested hearing was

held before Administrative Law Judge Tom Morris ("the ALJ") on January 12, 2015 and continued to May 21, 2015. *See* AR. 49-81, 31-48. On August 10, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 11-30.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ erred in finding that plaintiff was less than credible and in failing to provide legally sufficient explanation for his finding; (2) Whether the ALJ's conclusion that the plaintiff is capable of meeting attendance tolerances of employers is supported by substantial evidence in the record; and (3) Whether the ALJ erred in failing to properly consider the opinion of the treating physician in the record and in failing to provide adequate explanation for not according this opinion more weight. *See* Dkt. 13, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

//

//

//

DISCUSSION

**(1)     Whether the ALJ erred in finding that the plaintiff was less than credible and in failing to provide a legally sufficient explanation for his finding.**

Plaintiff contends that the ALJ erred when failing to credit fully her allegations

and testimony.  Although the ALJ relied on plaintiff's activities of daily living, plaintiff

contends that the activities described by the ALJ, that is, "that she lived alone, engaged in

self-care and hygiene, cared for her son, prepared simple meals and household chores, got

out of the house daily, walked, received rides and took the bus, shopped in stores once or

twice a week, managed her own finances, picked up her son from school and attended

parent-teacher conferences, and could walk a few miles, had looked for part-time work,

had volunteered and babysat her brother's child," do not demonstrate an ability to

perform work at any level consistent with substantial gainful activity. Dkt. 13, p. 14.

Defendant contends that plaintiff's "range of activities strongly indicates that plaintiff is

capable of performing limited sedentary work." Dkt. 14, p. 6. Unfortunately, defendant's

argument is not supported by any citation to case law, and does not encompass the proper

legal standard regarding when activities of daily living can be relied on by an ALJ to

support the failure to credit fully a claimant's allegations.

The ALJ's determinations regarding a claimant's statements about limitations

"must be supported by specific, cogent reasons."  *Reddick v. Chater*, 157 F.3d 715, 722

(9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en*

*banc*)).  In evaluating a claimant's allegations of limitations, the ALJ cannot rely on

general findings, but "'must specifically identify what testimony is credible and what

evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). According to the Ninth Circuit, "we may not take a general finding-an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors-and comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014); *see also Brown-Hunter v. Colvin, ,* 806 F.3d 487, 494 (9th Cir. 2015) ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination, [which] was legal error").

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement"); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47).

Here, when failing to credit fully plaintiff's allegations and testimony, the ALJ relied in part on plaintiff's activities of daily living.

Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (citing *Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited. *Orn, supra*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Here, the ALJ made no specific findings regarding transferability of plaintiff's activities of daily living to work skills or to any particular competitive employment. *See* AR. 22. Therefore, plaintiff's activities of daily living only can entail a valid rationale for failing to credit fully plaintiff's allegations and testimony if "they contradict the claimant's other testimony." *See Orn, supra*, 495 F.3d at 639 (citing *Fair, supra*, 885 F.2d at 603). Neither the ALJ, nor defendant, has directed the Court to any testimony by plaintiff that is contradicted by her activities of daily living. Therefore, the ALJ erred when failing to credit fully plaintiff's allegations and testimony.

To provide some direction to the ALJ following remand of this matter, the Court notes the following. Recently, regarding taking care of children, the Ninth Circuit noted that "the mere fact that [a claimant] cares for small children does not constitute an adequately specific conflict with her reported [or opined] limitations." *Trevizo v. Berryhill*, Case No. 15-16277, 2017 U.S. App. LEXIS 17979 at \*37 (9th Cir. September 14, 2017) (unpublished amended opinion) (the "ALJ did not develop a record regarding the extent to which and the frequency with which Trevizo picked up the children, played with them, bathed them, ran after them, or did any other tasks that might undermine her claimed limitations, nor did the ALJ inquire into whether Trevizo cared for the children alone or with the assistance of her grandchildren or other family members"). The court noted that "Treviso's childcare responsibilities permit her to rest, take naps, and shower repeatedly throughout the day, all of which would be impossible at a traditional full-time job. *Id*. at \*37.

The Ninth Circuit has revisited this issue of activities of daily living and their consistency with pain-related impairments described by a claimant:

> [T]he ALJ erred in finding that these activities, if performed in the manner that [the claimant] described, are inconsistent with the pain-related impairments that [the claimant] described in her testimony. We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted in original)); *Fair v. Bowen*, 885 F.2d

597, 603 (9th Cir. 1989) ("[M]any home activities are not easily
transferable to what may be the more grueling environment of the
workplace, where it might be impossible to periodically rest or take
medication.") Recognizing that "disability claimants should not be
penalized for attempting to lead normal lives in the face of their
limitations," we have held that "[o]nly if [her] level of activity were
inconsistent with [a claimant's] claimed limitations would these
activities have any bearing on [her] credibility." *Reddick v. Chater*, 157
F.3d 715, 722 (9th Cir. 1998) (citations omitted in original): *see also*
*Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical
difference between activities of daily living and activities in a full-time
job are that a person has more flexibility in scheduling the former than
the latter, can get help from other persons . . . , and is not held to a
minimum standard of performance, as she would be by an employer. The
failure to recognize these differences is a recurrent, and deplorable,
feature of opinions by administrative law judges in social security
disability cases." (citations omitted in original)).

*Garrison v. Colvin*, 759 F.3d 955, 1016 (9th Cir. 2014). The ALJ should note the

direction from the Ninth Circuit following remand of this matter.

As already concluded, the ALJ's reliance on plaintiff's activities of daily living

when failing to credit fully her allegations of limitations is legal error and does not entail

a legitimate basis for the failure to credit fully plaintiff's allegations. The only other

rationale relied on by the ALJ for the failure to credit fully plaintiff's allegations is a

finding that the severity of her alleged symptoms and limitations is not fully supported by

the objective medical evidence. However, this finding alone is not sufficient for the

failure to credit fully a claimant's allegations. Once a claimant produces medical

evidence of an underlying impairment, the ALJ may not discredit then a claimant's

testimony as to the severity of symptoms based solely on a lack of objective medical

evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d

341, 343, 346-47 (9th Cir. 1991) (*en banc*) (citing *Cotton, supra*, 799 F.2d at 1407);

Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4 at *12-*13 (this Ruling emphasizes that the Administration "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual").

Therefore, the Court concludes that the ALJ failed to provide clear and convincing rationale when failing to credit fully plaintiff's allegations. *See id*. The Court also notes that the ALJ's finding regarding a lack of support from the objective medical evidence also does not appear to be supported by substantial evidence, but instead, appears to be a finding that plaintiff did not have any further complications to her sickle cell anemia, such as that she did not have any brain injuries or "acute cardiopulmonary abnormalities." *See* AR. 19. However, as the sickle cell anemia impairment appears sufficient to fully explain plaintiff's symptoms, the lack of any additional impairments or complications does not seem very relevant to the query as to whether or not plaintiff's objective medical evidence of sickle cell anemia support her allegations of symptoms and limitations resulting from her sickle cell anemia.

The Court also concludes that the ALJ's failure to credit fully plaintiff's allegations and testimony is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout*

that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, the ALJ erred when failing to credit fully plaintiff's allegations and testimony, which include her allegations that she has good days and bad days, and when she has bad days "she is unable to get out of bed or 'do anything at all' due to pain and fatigue." AR. 18. As noted by plaintiff, "the Vocational Expert at the hearing testified that an individual need only miss one day (the VE also clarified that such tolerance would be contingent upon the worker being highly productive and well-liked) or require one additional break of customary duration and that worker would likely be terminated, and thus would not be capable of maintaining competitive employment." Dkt. 13, pp. 14-15 (citing AR. 42, 44-45). Therefore, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (quoting *Stout,* 454 F.3d at 1055-56). Therefore, the error is not harmless and this matter is reversed.

However, it is not clear exactly how often plaintiff has "bad" days, and whether the frequency has been consistent over the course of her alleged disability period. *See* AR. 69, 71-72. Plus, plaintiff has indicated that the majority of her days are "good." *See id.*, *see also* AR. 18. Therefore, it is not clear exactly how often plaintiff would miss work due to her "bad" days. A remand with a direction to award benefits is not appropriate if it is not clear that fully crediting the improperly disregarded evidence would require a finding of disability. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen*, 80 F.3d at 1292)) (remand with a direction to award benefits is appropriate only if "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited"). Therefore, this matter is reversed for further administrative proceedings, not with a direction to award benefits.

**(2)** **Whether the ALJ's conclusion that the plaintiff is capable of meeting attendance tolerances of employers is supported by substantial evidence in the record and whether the ALJ erred in failing to properly consider the opinion of the treating provider in the record and in failing to provide adequate explanation for not according this opinion more weight.**

This Court already has concluded that this matter must be reversed and remanded for further administrative proceedings, *see supra*, section 1. The Court also concludes that the evidence provided by the treating physician, Dr. Chris Chan, M.D., should be evaluated further following remand of this matter. The ALJ fails to acknowledge (again) that plaintiff's sickle cell anemia is "corroborating, objective medical evidence" supporting a medical opinion of disability. *See* AR. 23. The ALJ also (again) erroneously

1 | relies on a finding that plaintiff's activities of daily living are inconsistent with an

2 | inability to sustain full-time competitive employment. *See id.*

### CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 14th day of March, 2018.

J. Richard Creatura
United States Magistrate Judge